CARROLL, DONALD K., Acting Chief Judge.
These two appeals, in cases No. R-133 and R-138, consolidated for all purposes by this court, arose out of a collision in which the 16-year-old daughter of the plaintiff Mason C. Cleere (Case No. R-133) was seriously injured in her pelvic region when she was struck by an automobile driven by the defendant’s driver, Michael E. Hum-phreys. The daughter is the plaintiff Catherine A. Cleere in Case No. R-138. She was on her way to school when she *24 was struck in the left hip by the said automobile near an intersection in the City of Pensacola, Florida.
An orthopedic surgeon testified at the trial that she had sustained a comminuted fracture of the pelvic bone — that is, broken into large number of pieces — which would result in a permanent disability of from 30 to 50% of her lower extremity and that reconstructive surgery known as “cup ar-throplasty” was required and, if successful, would probably result in only an ultimate 30% disability.
Mason Cleere then took Catherine to Boston to an eminent expert in the field of disorders of the hip. That surgeon confirmed the need for reconstructive surgery but it was his experience that such surgery produced a lower disability of 10 to 30 per centum.
The cost of the operation in Boston would be higher than the same operation in Pensacola, and, in addition, at least one year of physical therapy would be required after the operation, and Catherine would no longer be able to compete in her championship swimming and track.
According to the evidence at the trial, the past medical expenses were $4,200, with an expected cost of the operation in Boston of at least $7,970, which sum does not include travel expenses to and from Boston, rehabilitation, nursing expenses, and other expenses, totaling around $13,000. In addition, there is a 10% possibility of failure requiring re-operation.
At the end of the trial the jury returned a verdict for the plaintiffs as follows: For the plaiintiff Catherine A. Cleere $76,197.-00, and for the plaintiff Mason C. Cleere $20,338.00.
The defendants, Humphreys and a public liability insurance company, filed in each cause a motion for a judgment notwithstanding and for new trial (Case No. R-138), which motion was denied. However, in Case No. R-133, the plaintiff, Mason C. Cleere, was directed to enter a remittitur in the sum of $10,000 reducing judgment on his behalf to $10,338, which remittitur to be entered within 10 days, failing which a new trial would be granted to the claim of the said plaintiff on the issue of damages only. This is the order appealed from herein.
As to Case No. R-138, the action by Catherine, we think and hold that the jury’s verdict for her was amply justified by the evidence at the trial, and the appellants, Humphreys and the insurer, have failed to demonstrate reversible error, so the verdict and judgment based thereon should be, and they are, affirmed.
As to Case No. R-133, the action by Mason C. Cleere, we think that the trial court invaded the exclusive province of the jury, the triers of the facts.
In our opinion, the jury’s verdict of $20,338.00 for the plaintiff, Mason C. Cleere, was amply justified by the evidence at the trial. It is our view, based upon a consideration of the record, that the jury’s award was well within the realm of reasonableness.
The trial court properly instructed the jury that they should award an amount of money that would compensate Mason C. Cleere, the father, for the reasonable expenses of hospitalization, medical and nursing care and treatment necessarily or reasonably obtained or to be so obtained in the future. We also think it was reasonable for the father in the future to go to a specialist in Boston, where clearly the best medical treatment was available for the daughter’s serious injury to her hip.
An even higher verdict would have been justified, for there was testimony of a 10% chance of having to repeat the operation because of the complications in the very extensive surgery necessary to remove the hip bone and replace it with an artificial surface.
In Case No. R-133, the order appealed from, ordering the remittitur and ordering *25 a new trial, is reversed and the cause is remanded with directions to enter a judgment in accordance with the jury’s verdict.
In Case No. R-138, the order is affirmed and in Case No. R-133, reversed.
RAWLS and WIGGINTON, JJ, concur.